James M. McGUIRE et al., Plaintiffs,

v.

FORD MOTOR COMPANY et al., Defendants.

No. 72–C–141.

United States District Court, E. D. Wisconsin.

July 25, 1972.

------◆------

Earl A. Charlton, Milwaukee, Wis., for plaintiffs.

Merten, Connell & Sisolak by Walter L. Merten, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This personal injury action arose out of a collision which allegedly occurred during the early morning hours of May 29, 1969 while the plaintiffs were moving their stalled automobile from the street. The defendants are the manufacturer of the stalled automobile and also the American Automobile Association, Inc. (AAA), which had contracted with the plaintiffs to provide towing services when necessary.

The defendant AAA has moved to dismiss the action as against it for failure to state a claim upon which relief may be granted. For the purposes of this motion to dismiss, the facts alleged in the complaint are taken as true. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964).

The plaintiffs allege that they had contracted with the defendant AAA to provide towing services whenever such services were necessary. The automobile in which the plaintiffs were riding stalled at approximately 1:00 A.M. on May 29, 1969. The plaintiffs informed the defendant AAA of their difficulties and a service vehicle was sent to assist them. It is alleged that the defendant AAA's serviceman refused to move the plaintiffs' disabled vehicle to a place of safety since he had not brought the proper equipment, and he also failed to put up warning signals to alert other motorists of the danger. While the plaintiffs were attempting to move their automobile from the street, they were struck by another vehicle.

The principal contention of the defendant AAA is that whatever liability they may have for the breach of the contract to provide towing services, the breach of the contract may not give rise to tort liability. In Colton v. Foulkes, 259 Wis. 142, at pages 146, 147, 47 N. W.2d 901 at page 904 (1951), the court stated:

> "The sound rule appears to be that where there is a general duty, even though it arises from the relation created by, or from the terms of, a contract, and that duty is violated, either by negligent performance or negligent nonperformance, the breach of the duty may constitute actionable negligence."

See also Presser v. Siesel Construction Co., 19 Wis.2d 54, 119 N.W.2d 405 (1963); Milwaukee Cold Storage v. York Corp., 3 Wis.2d 13, 87 N.W.2d 505 (1958).

The defendant AAA also urges that the facts as alleged in the complaint, cannot, as a matter of law, establish causation under the Wisconsin substantial factor test. In my opinion, the question of causation is not clearly adverse to the plaintiffs; the court should not rule on it as a matter of law. Milwaukee & S. T. Corp. v. Royal Transit Co., 29 Wis.2d 620, 139 N.W.2d 595 (1966).

Therefore, it is ordered that the defendant AAA's motion to dismiss the action as against it be and hereby is denied.