**James M. McGUIRE et al., Plaintiffs,**
v.
**FORD MOTOR COMPANY et al.,
Defendants.**

**No. 72–C–141.**

United States District Court,
E. D. Wisconsin.

June 14, 1973.

Charlton, Yanisch, Greco & Roffa by Joseph J. Welcenbach, Milwaukee, Wis., for McGuire.

Merton, Connell & Sisolak by Walter L. Merton, Milwaukee, Wis., for Ford.

Cook & Franke by Robert F. Johnson, Milwaukee, Wis., for AAA.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This personal injury action arose out of a collision which allegedly occurred during the early morning hours of May 29, 1969, while the plaintiffs were pushing their stalled automobile. The defendants are the American Automobile Association, Inc. (AAA) and also the Ford Motor Company (Ford), which manufactured the automobile in question.

The defendant Ford has moved this court for the entry of summary judgment dismissing the plaintiffs' complaint as to it. For the purpose of this motion for summary judgment, the court must look at all the evidential sources of record to determine whether there is an issue of fact to be tried. Kirk v. Home Indemnity v. Brzozowski, 431 F.2d 554 (7th Cir. 1970).

The plaintiffs allege that on May 26, 1969, they purchased a new automobile manufactured by the defendant Ford through an authorized Ford agent. The plaintiffs were riding in this automobile when it stalled at approximately 1:00 A.M. on May 29, 1969. After contacting the defendant AAA, which failed to move the automobile, the plaintiffs proceeded to push the stalled automobile by human power alone. While in this posture, they were struck by another vehicle.

The principal contention of the defendant Ford is that its negligence, if any, in the design, manufacture or sale of the automobile did not operate as the proximate cause of the injuries of which the plaintiffs complain. Defendant Ford argues that the fact that plaintiffs pushed their auto while in a position of danger operates as an intervening superseding cause of the injuries complained of, eliminating any enlarged liability to which Ford might otherwise have been subjected.

Under Wisconsin law, before an intervening force will relieve a defendant from liability for his wrongful conduct, the intervening force must itself be outside the range of reasonable anticipation as a consequence of the defendants' wrongful conduct. Conversely an intervening force will not be considered superseding if this force is an action in normal response to the original negligence, i. e., "'normal efforts" to avert a "threatened harm". Cf. Diener v. Heritage Mutual Insurance Co., 37 Wis.2d 411, 155 N.W.2d 37 (1964). The

Wisconsin approach comports with the view of the Restatement. Restatement of Torts, 2d edition, §§ 440–447 (1965).

Examining the allegations contained in the record, I am unable to conclude as a matter of law that the defendant Ford's conduct was not a proximate cause of the plaintiffs' injuries. Whether the plaintiffs' conduct in attempting to move their stalled vehicle, and their being struck by another oncoming vehicle while so engaged, interrupted the chain of causation set in motion by the defendant Ford's alleged wrongful conduct is a question over which I think "reasonable minds might reach differing conclusions."

The latter expression is quoted from Wright v. General Motors Corp. et al., 479 F.2d 52, at page 53 (7th Cir., decided May 24, 1973), where the court said:

> "Examining the allegations in the plaintiff's amended complaint, we are unable to conclude as a matter of law that the defendants' conduct was not a proximate cause of the plaintiff's injuries. Whether the plaintiff's conduct in attempting to make emergency repairs on the disabled vehicle and his being struck by another oncoming vehicle while so engaged interrupted the chain of causation set in motion by the defendants' wrongful conduct is a question over which, we think, reasonable minds might reach differing conclusions. When a vehicle suddenly comes to a halt on a public highway, we do not believe that an attempt to make emergency repairs on the vehicle or the vehicle's being struck by another vehicle are outside the range of reasonable anticipation. In any event, since there is room for an honest difference of opinion, the issue of proximate causation presents a question of fact for the jury to resolve."

When a new car stalls on a public highway, I do not believe that an owner's attempt to push it, after having made an unsuccessful attempt to have it towed, or the vehicle's being struck by another one, can be said to be outside the range of reasonable anticipation as a matter of law. An issue of material fact exists which centers on whether, under all the circumstances, plaintiffs' efforts to push the automobile were "normal efforts" to avert a "threatened harm" or an unusual and dangerous effort exposing plaintiffs and the automobile to a new and previously non-existent threatened harm.

In a decision and order dated July 25, 1972, this court, 346 F.Supp. 928, denied defendant AAA's motion to dismiss the action of plaintiffs against it, which is based on the alleged failure of its serviceman to move the plaintiffs' stalled vehicle to a place of safety since he had not brought the proper equipment and failed to put up warning signals to alert other motorists of the danger. In my opinion, the question of causation is no more clearly adverse to the plaintiffs with regard to Ford than it is with regard to AAA.

Therefore, it is ordered that the defendant Ford's motion for summary judgment in its favor, dismissing the action as against it, be and hereby is denied.