Jerry DVORAK, Plaintiff-Respondent,

v.

PLUSWOOD WISCONSIN, INC., Defendant-Appellant.†

Court of Appeals

*No. 84–291. Submitted on briefs September 10, 1984.—*
*Decided October 23, 1984.*
(Also reported in 358 N.W.2d 544.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Reuben W. Peterson, Jr.,* and *Borgelt, Powell, Peterson & Frauen, S.C.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Richard J. Weber, Paul M. Moldenhauer* and *Kelley, Weber, Pietz & Slater, S.C.,* of Wausau.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.  Pluswood Wisconsin, Inc., appeals a judgment imposing punitive damages in an employment termination case. Pluswood contends that a wrongful termination constitutes a breach of contract for which punitive damages cannot be awarded. Jerry Dvorak, the discharged employee, argues that a tort action arises out of a bad faith breach of a term employment contract. We conclude that this termination case is not actionable in tort because Pluswood had no duty to Dvorak independent of the employment contract. The award of punitive damages is reversed.

The jury found that Pluswood breached a term employment contract by dismissing Dvorak. The jury also found that Pluswood acted in bad faith and awarded Dvorak $50,000 as punitive damages. Relying on *Brockmeyer v. Dun & Bradstreet,* 113 Wis. 2d 561, 335 N.W. 2d 834 (1983), Pluswood moved the trial court to strike the punitive damage award from the jury verdict because Wisconsin does not recognize the tort of bad faith breach of an employment contract. The trial court denied the motion on the basis that a bad faith breach of a term employment contract is distinguishable from a breach of an at-will employment contract. *Brockmeyer* involved an at-will employment contract.

The distinction between an at-will employment contract and a term employment contract is irrelevant to the question of whether the breach is actionable in tort.

In order for such a cause of action in tort to exist, a duty must exist independently of the performance of the contract. *Landwehr v. Citizens Trust Co.,* 110 Wis. 2d 716, 723, 329 N.W.2d 411, 414 (1983). According to this test, the existence of a contract is ignored when determining whether alleged misconduct is actionable in tort.

Under the *Landwehr* test, a breach of an employment contract is not actionable in tort. Pluswood's obligation to continue Dvorak's employment existed only because of their contractual relationship. Because no duty was breached independent of the contract, Dvorak's claim is exclusively a contract action.

Our decision in this case is consistent with *Brockmeyer.* In that case, our supreme court held that an employee has a cause of action for wrongful discharge only when the discharge is contrary to public policy. *Id.* at 572–73, 335 N.W.2d at 840. The supreme court reached this decision by implying a public policy provision into all employment contracts. *Id.* at 574, 335 N.W.2d at 841. The supreme court concluded that a breach of the implied provision created a contract action, rather than a tort action. *Id.* The court specifically rejected the argument that a wrongful discharge can be maintained as a tort action; the court held that contract damages, especially backpay and reinstatement, are the appropriate remedies for breach of an employment contract. *Id.*

Our decision is also consistent with *Anderson v. Continental Insurance Co.,* 85 Wis. 2d 675, 271 N.W.2d 368 (1978). Dvorak argues that *Anderson* recognized a cause of action in tort for bad faith breach of contract. *Anderson* did recognize a separate tort action for bad faith breach of an insurance contract, but only because the insurer acted as a fiduciary. *Id.* at 688, 271 N.W.2d

at 375. Under the *Landwehr* test, the fiduciary relationship is critical because an action for breach of fiduciary duty exists independently of the contract. *See Olfe v. Gordon,* 93 Wis. 2d 173, 183, 286 N.W.2d 573, 577–78 (1980).

Punitive damages are not permitted in employment contract actions. *See Brockmeyer,* 113 Wis. 2d at 574–75, 335 N.W.2d at 841. Because the trial court erred by allowing punitive damages in this case, we remand the matter to the trial court with directions to strike the punitive damage award from the jury verdict and enter judgment accordingly.

*By the Court.*—Judgment reversed and cause remanded with directions.