Linda YOUNG, Russell W. Young, Joshua Young,
Adam Young and Alyssa Young, by their guardian ad
litem, Mary B. Wittwer, Plaintiffs-Appellants,

v.

The PROFESSIONALS INSURANCE COMPANY,
Wisconsin Patients Compensation Fund, and James
Vogel, Defendants-Respondents.†

Court of Appeals

*No. 89-0480. Submitted on briefs October 12, 1989.—Decided
February 15, 1990.*

(Also reported in 454 N.W.2d 24.)

†Petition to review denied.

■■■■■■■■■■■■■
■■■■■■■■■■■■■

For the plaintiffs-appellants the cause was submitted on the briefs of *Aiken & Mawicke, S.C.,* by *Timothy J. Aiken* and *Robert L. Jaskulski,* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *Bell, Metzner, Gierhart & Moore, S.C.,* by *Stephen O. Murray,* of Madison.

Before Eich, C.J., Gartzke, P.J., Dykman, J.

DYKMAN, J. Linda Young, her husband, and their children (plaintiffs) brought this medical malpractice action against Dr. James Vogel to recover damages for his failure to diagnose Linda Young's breast cancer in September, 1985. The plaintiffs appeal from a judgment entered on the verdict dismissing their complaint on its merits following a jury trial. The jury found that Vogel's negligence in failing to diagnose Young's cancer was not a cause of her present condition of health.

The issue is whether the jury instruction concerning the doctor's causal negligence was erroneous. We conclude that the challenged instruction was erroneous and probably misled the jury. Accordingly, we reverse the judgment and grant the plaintiffs a new trial.

## BACKGROUND

In August, 1985, when Linda Young was in her late twenties, she discovered a small lump in her left breast. She consulted James Vogel, a physician specializing in obstetrics and gynecology. Vogel was unable to diagnose Young's condition and scheduled a follow-up appointment for September, 1985. At the second appointment, Vogel could palpate a lump; however, he did not believe

cancer was indicated and prescribed medication. Although Young requested a mammogram, Vogel did not order one. In October, 1985, during the third appointment, Vogel, still believing that Young's condition was not cancerous, advised Young that there was no necessity to perform a biopsy or mammogram.

Before her family moved to North Carolina, Young saw Vogel again in December, 1985. Vogel prescribed medication and suggested that Young see a specialist once the family settled in North Carolina. In February, 1986, after the family had moved, Young saw a specialist. The North Carolina doctor ordered a mammogram, which indicated the presence of cancer. A biopsy confirmed that result. The North Carolina doctor performed a radical mastectomy, removing Young's entire left breast and extensive tissue in her left axillae. The cancer was determined to be invasive, and cancerous growths had reached thirteen of the eighteen lymph glands removed during the surgery. Chemotherapy treatments were unsuccessful in preventing the spread of cancer.

At trial, the plaintiffs' experts testified that Young had a life expectancy of about two years. They concluded that, had Vogel diagnosed Young's cancer in September, 1985, the spread of cancer could have been prevented and that she would have had a relatively normal life expectancy.

While Vogel admitted negligence, he contended that his negligence was not a cause of Young's present condition of health. He sought to show that, when Young saw Vogel in September, 1985, her cancerous condition had already progressed to the point that its spread was inevitable. His expert witness testified that, even if Young's cancer had been diagnosed in September, 1985, she would still die of cancer and that she would still have

needed the same therapies and have experienced the same recurrences of cancer.

The jury found that Vogel's negligence was not a cause of Young's present condition of health. The trial court denied the plaintiffs' motions after the verdict.

## STANDARD OF REVIEW

■■■■ A trial court has broad discretion when instructing a jury. *White v. Leeder,* 149 Wis. 2d 948, 954, 440 N.W.2d 557, 559 (1989). We will not reverse if the instruction, as a whole, correctly states the law. *Id.* at 954-55, 440 N.W.2d at 559-60. If, however, the instruction is erroneous and probably misleads the jury, we will reverse because the misstatement constitutes prejudicial error. *Leahy v. Kenosha Memorial Hospital,* 118 Wis. 2d 441, 452, 348 N.W.2d 607, 613 (Ct. App. 1984). A new trial is warranted when an erroneous instruction is prejudicial. *Hale v. Stoughton Hospital Ass'n, Inc.,* 126 Wis. 2d 267, 278, 376 N.W.2d 89, 95 (Ct. App. 1985).

## DISCUSSION

Question 1 of the special verdict asked the following question: "Was the negligence of the defendant, James G. Vogel, M.D., in failing to diagnose Linda Young's cancer in September, 1985, a cause of Linda Young's present condition of health?" The plaintiffs challenge the cause instruction given in conjunction with this question. The jury was instructed:

> Concerning Question 1 of the Special Verdict, you are instructed that the negligence of one person alone may produce an injury or condition of health or other conditions beyond anyone's control may jointly produce an injury or condition of health.

Before the relationship of cause and effect can be found to exist, it must appear that the negligence of Dr. Vogel was a substantial factor in Linda Young's resulting condition of health. That is to say, it was a factor actually operating and which had a substantial effect in producing Linda Young's condition of health as a natural result.

The evidence indicates, without dispute, that when Linda Young retained the services of Dr. Vogel and placed herself under his care, she was then suffering from cancer. Her then physical condition cannot be regarded by you in any way as having been caused or contributed to by any negligence on the part of Dr. Vogel. This question asks you to determine whether Linda Young's condition of health, as it was when she placed herself under the doctor's care, has been aggravated or further impaired as a result of the negligence of Dr. Vogel's treatment of her.

If you believe from the evidence that Linda [Young's] present condition of health may have been caused by either Dr. Vogel's negligence in treatment or by the processes and developments of her prior condition of health, and if you are uncertain as to which cause was responsible, then you may not find that Dr. Vogel's negligence was a cause of Linda Young's present state of health.[1]

■

The plaintiffs contend that the fourth paragraph of the instruction misstates the law of causation. Under Wisconsin law, the test of causation is whether the defendant's negligence was a substantial factor in producing the plaintiff's injury. *Clark v. Leisure Vehicles, Inc.*, 96 Wis. 2d 607, 617, 292 N.W.2d 630, 635 (1980).

---

[1]This instruction was taken from Wis. JI—Civil 1023 (1988) on medical malpractice.

Substantial factor "denotes that the defendant's conduct has such an effect in producing the harm as to lead the trier of fact, as a reasonable person, to regard it as a cause, using that word in the popular sense." *Id.* at 617–18, 292 N.W.2d at 635. There may be more than one substantial factor contributing to the same result. *Id.* at 618, 292 N.W.2d at 635.

The plaintiffs argue that the fourth paragraph of the instruction required that the jury find that the doctor's negligence was the *sole* cause or *the* cause of Young's present condition of health rather than *a* cause of her condition. By asking the jury to determine "which cause was responsible," the instruction precluded the jury from finding that both the doctor's negligence and Young's preexisting condition of health were substantial factors in causing the harm. The instruction erroneously directed the jury to determine whether it was either Young's preexisting condition or the doctor's negligence that caused the harm.

Defendants argue that the fourth paragraph correctly states the law of causation and that it simply instructs the jury that it cannot speculate. The defendants rely on *Matuschka v. Murphy,* 173 Wis. 484, 180 N.W. 821 (1921), the source of the challenged language in the instruction. *Matuschka* was a dental malpractice case, in which the jury was asked to determine whether the plaintiff's damages were caused by a preexisting infection or by the dentist's negligent treatment. The court said:

> In order to recover against the defendants, plaintiff must produce evidence from which the jury is justified in finding that it was due to the want of care and skill of the defendant *Stromberg*. This burden is not met by showing that it might have been the result of two or more causes, one of which was plaintiff's

> unskillful treatment. Verdicts must rest upon greater certainty. Where the proof discloses that a given result may have occurred by reason of more than one proximate cause, and that a jury can do no more than guess or conjecture as to which was in fact the efficient cause, the submission of such a choice to the jury has been consistently condemned by this court.

173 Wis. at 488, 180 N.W. at 822. The problem with *Matuschka* is that, in expressing the notion that juries must not speculate, the court stated the test of causation in terms it would later reject. In later cases, the supreme court expressly rejected the terms "proximate cause," "efficient cause," and "responsible cause" because the use of those terms might incorrectly lead a jury to believe that a defendant is not liable unless his negligence is the sole cause of the plaintiff's injury. *Berrafato v. Exner,* 194 Wis. 149, 158, 216 N.W. 165, 168 (1927) (rejecting "the efficient cause" as definition of "proximate cause"); *Pfeifer v. Standard Gateway Theater, Inc.,* 262 Wis. 229, 236–38, 55 N.W.2d 29, 33–34 (1952) ("substantial factor" better term to use in cause instruction than "proximate or legal cause"); *Osborne v. Montgomery,* 203 Wis. 223, 239–40, 234 N.W. 372, 378 (1931) (use of "responsible cause" in instruction would lead to jury confusion). Thus, a jury instruction based on *Matuschka* would likely misstate the law of causation.

We agree with the plaintiffs' argument and conclude that the fourth paragraph of the instruction misstates the law of causation.[2] However, before we can determine that an instruction is erroneous, we must consider the

[2]Wisconsin JI—Civil 1023 was revised in 1989. While we express no opinion regarding the effect, if any, of the revisions, we note that the language in the fourth paragraph has been revised. That paragraph now reads:

instruction as a whole. *Betchkal v. Willis,* 127 Wis. 2d 177, 187–88, 378 N.W.2d 684, 689 (1985). Because no other cause instructions were given to the jury,[3] we will consider the first three paragraphs of the challenged instruction to determine whether the instruction, as a whole, correctly states the law.[4] We conclude it does not.

The first paragraph of the instruction is intended to state the law regarding joint causation. It states that one person's negligence "alone may produce an injury or condition of health" or that "other conditions beyond anyone's control may jointly produce an injury or condition of health." It does not inform the jury that one person's negligence and a condition beyond anyone's control may jointly produce an injury. Rather than alleviating the misstatement in paragraph four, the first paragraph aggravates the problem by suggesting that the doctor can be found liable only if his negligence alone produced Young's present condition of health.

---

If you believe from the evidence that the present condition of *(plaintiff)*'s health may have been caused either by *(doctor)*'s negligence in treatment or by the processes and developments of *(plaintiff)*'s prior injuries, then you may not find that the negligence of ———— was a cause of plaintiff's condition unless you are able to conclude that the negligence was a substantial factor in producing the injury.

---

[3]The plaintiffs requested three other cause instructions—cause: burden of proof, cause: substantial factor, and cause: lost chance. The trial court rejected all three.

[4]Defendants contend that the plaintiffs waived any errors in the first three paragraphs of the instruction by failing to object with specificity in the trial court. We need not reach this issue because we examine these paragraphs to determine whether they overcome the problem created by the fourth paragraph, not to determine whether they were erroneous. The defendants do not claim that the plaintiffs waived any errors in the fourth paragraph.

The second paragraph of the instruction tells the jury that they cannot find that the doctor's negligence caused Young's present condition of health unless his negligence was a substantial factor in producing Young's present condition of health. The third paragraph asks the jury "to determine whether Linda Young's condition of health, as it was when she placed herself under the doctor's care, has been aggravated or further impaired as a result of the negligence of Dr. Vogel's treatment of her." These two paragraphs correctly state the law, but they do not overcome the misstatement in the fourth paragraph of the instruction. The causation instruction is therefore erroneous.

We also conclude that the erroneous instruction probably misled the jury on causation, which was the central issue at trial. The error is therefore prejudicial, and the plaintiffs are entitled to a new trial. Because this issue is dispositive, we need not reach the other issues raised on appeal.

*By the Court.*—Judgment reversed and cause remanded for new trial.