Jerry NELSON and Phillip Lopez, Plaintiffs,

v.

MOTOR TECH, INC., Defendant-Third Party
Plaintiff,

v.

LAKE GENEVA AUCTION CENTER, INC., Third
Party Defendant-Appellant

NORTHWESTERN NATIONAL CASUALTY COM-
PANY, Intervening Defendant-Respondent.

Court of Appeals

No. 90-0489. Submitted on briefs September 14,
1990.—Decided October 17, 1990.

(Also reported in 462 N.W.2d 903.)

On behalf of the third party defendant-appellant, the cause was submitted on the briefs of *David C. Williams,* of *Allen, Harrison, Williams, McDonell & Swatek* of Lake Geneva.

On behalf of intervening defendant-respondent, the cause was submitted on the brief of *James M. Ryan,* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

Before Brown, Scott and Anderson, JJ.

ANDERSON, J.   Lake Geneva Auction Center, Inc. (Lake Geneva), appeals from an order dismissing its liability insurance carrier, Northwestern National Casualty Company (Northwestern), from the lawsuit. The trial court found that the insurance policy did not cover

the incident alleged in the lawsuit, and therefore, Northwestern did not have a duty to defend Lake Geneva. We agree with the trial court and affirm the order.

Motor Tech arranged with Lake Geneva to auction a 1987 red Lotus automobile for a reserve price of $49,900. One of Lake Geneva's employees misread the reserve price as $19,900. The plaintiffs eventually purchased the Lotus for $31,000. Motor Tech refused to deliver the Lotus, and the plaintiffs sued Motor Tech for specific performance. Motor Tech impleaded Lake Geneva as a third party defendant on the grounds that if plaintiffs are entitled to specific performance, then Lake Geneva was negligent in selling the Lotus for less than the reserve price. Motor Tech also claimed Lake Geneva breached the auction contract.

Lake Geneva forwarded the defense to Northwestern. Northwestern filed a motion to intervene and a motion to declare that the insurance policy did not cover the incident. The trial court granted the motions and dismissed Northwestern. The court stated in the motion hearing that there was an "express and concrete exclusion under the contract . . . [that excludes from coverage] any assumption of liability due to [a] contract or agreement."

On appeal, Lake Geneva asserts four reasons the insurance policy covers the alleged event. They are: (1) the contract exclusion on which the lower court relied does not apply; (2) there was an occurrence under the policy language; (3) there was property damage as defined in the policy; and (4) the products/completed operations coverage clause covers the incident. Because we decide that the contract exclusion does apply and the policy thus does not cover the alleged incident, we do not address the other grounds for coverage.

The relevant contract language states:

2. Exclusions.

This insurance does not apply to:

  . . ..

  b.   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    . . ..

    (2)   That the insured would have in the absence of the contract or agreement.

The above provision clearly excludes coverage for incidents involving purely contractual liabilities. The policy covers incidents only if there is liability independent of the contract. When no ambiguity exists in the terms of the policy, the court of appeals will not engage in construction but will rather apply the policy terms. *Herwig v. Enerson & Eggen,* 98 Wis. 2d 38, 40, 295 N.W.2d 201, 203 (Ct. App. 1980). When the only dispute before us is whether the insurance policy covers the incident, the issue becomes a question of law, *see id.,* and we review it without deference to the circuit court. *Teigen v. Jelco of Wis., Inc.,* 124 Wis. 2d 1, 5, 367 N.W.2d 806, 808 (1985).[1]

The threshold issue is whether there is a common law duty to sell a product for more than the reserve price independent from, or in the absence of, a duty created by a contract. If there is a common law duty, then the exclusion would not apply because there could be liability in negligence in the absence of a contract. If there is

[1]The relevant contract language at issue is from a standard commercial general liability policy commonly used throughout the state.

not a common law duty, however, any duty Lake Geneva breached would be based entirely on the contract and coverage for any liability would be excluded under the policy.[2]

Lake Geneva, citing *Colton v. Foulkes,* 259 Wis. 142, 47 N.W.2d 901 (1951), argues that accompanying every contract is a common law duty to perform the contract with care, skill, reasonable diligence and faithfulness. The failure to meet this standard constitutes a tort regardless of whether the liability also involves a breach of contract.

The plaintiff in *Colton* sued to recover damages for injuries he sustained from falling off a porch. The defendants' employer contracted with the plaintiff to repair the porch. The plaintiff alleged that the defendants were negligent in repairing the porch. The defendants claimed that the cause of action could not be maintained in tort because the cause of action was a breach of contract. The court allowed the action to proceed in tort. The court pointed out that "[o]rdinarily, a breach of contract is not a tort." *Id.* at 146, 47 N.W.2d at 903. Because the court found that there was a general duty of due care in repairing the porch to avoid personal injury,

---

[2]In its brief-in-chief, Lake Geneva argues that the threshold issue is whether there would be a common law duty in the absence of a contract. In its reply brief, Lake Geneva argues that the issue is not whether there would be a common law duty in the absence of a contract, but whether there would be liability for gratuitous performance without the contract. Lake Geneva cites *McDonald v. Century 21 Real Estate Corp.,* 132 Wis. 2d 1, 6, 390 N.W.2d 68, 70 (Ct. App. 1986). In this case, regardless of how the issue is framed, we hold that any duty to sell the automobile for more than the reserve bid was a duty created entirely out of the contract. There is no independent duty in the absence of the contract.

the contract merely "creat[ed] the state of things which furnish[ed] the occasion of the tort." *Id.*

The Wisconsin Supreme Court subsequently explained the limits of *Colton.* The court stated that "there must be a duty existing independently of the performance of the contract for a cause of action in tort to exist." *Landwehr v. Citizens Trust Co.,* 110 Wis. 2d 716, 723, 329 N.W.2d 411, 414 (1983). *Colton* was distinguishable because "[e]ven without a contract . . . the defendant still had a general common law duty to use reasonable care in repairing the porch." *Id.*[3]

Later cases by Wisconsin courts have adhered to *Landwehr's* rule. For example, in *McDonald v. Century 21 Real Estate Corp.,* 132 Wis. 2d 1, 390 N.W.2d 68 (Ct. App. 1986), the court held that the plaintiffs could not maintain a tort action for the real estate agent's alleged

---

[3]Lake Geneva states that *Landwehr* is not applicable because the major question before the court was the purpose of the probate claim statute. *Landwehr v. Citizens Trust Co.,* 110 Wis. 2d 716, 721, 329 N.W.2d 411, 413 (1983). In *Landwehr,* a son sued his father's estate for negligently drafting a will and thus failing to grant the son exclusive rights in the decedent's farm. *Id.* at 718–19, 329 N.W.2d at 412. The action was brought under a tort theory because a contract theory would be barred under the probate statute. *Id.* at 720, 329 N.W.2d at 412. The court denied the action and held that a testator's breach of contract in failing to make certain provisions by will is not actionable in tort. *Id.* at 724, 329 N.W.2d at 415. Whether the lawsuit could proceed depended on whether the underlying cause of action could be maintained in tort or in contract. Even though the facts were different, it was essential in the *Landwehr* analysis to interpret *Colton v. Foulkes,* 259 Wis. 142, 47 N.W.2d 901 (1951). Similarly, it is essential to our analysis to rely on *Landwehr.* Lake Geneva is claiming that an underlying tort action exists in order to invoke insurance coverage. Resolution of this issue determines whether Northwestern's policy covers the alleged incident.

breach of the sales contract. *Id.* at 9, 390 N.W.2d at 71. The court stated that there was not an independent common law duty to "pre-qualify" potential buyers to evaluate the seller's risk. *Id.* at 8-9, 390 N.W.2d at 71. In *Dvorak v. Pluswood Wis., Inc.,* 121 Wis. 2d 218, 358 N.W.2d 544 (Ct. App. 1984), the court held that the employer's obligation to continue the plaintiff's employment existed only because of the contractual relationship. *Id.* at 220, 358 N.W.2d at 545. Because there was no duty to continue employment independent of the contract, plaintiff's claim was exclusively a contract action. *Id.*

These cases establish that in order to proceed in a tort action when the parties' relationship is defined by a contract, there must be a duty in common law independent from any duty created by the contract. In applying this test, the existence of a contract is ignored when determining whether the alleged misconduct is actionable in tort. *Id.*

*McDonald* is analogous to the case before us. Just as there is not an independent common law duty to pre-qualify potential buyers, there is not an independent common law duty to conduct an auction with such ability and competence to auction the goods for more than the reserve price. In each case, the contract created the duty. The plaintiffs voluntarily undertook performance of the duty as a term of the contract.

Lake Geneva does not cite any authority establishing a duty to auction a product for more than the reserve price. We are unable to locate a basis for such a common law duty. We conclude that any liability Lake Geneva may owe to the plaintiffs is grounded entirely in breach of contract. Thus, the insurance policy clearly excludes

from coverage contract liability, and Northwestern was properly dismissed from the lawsuit.

*By the Court.*—Order affirmed.