DORCEY, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent. [Two cases.]

*March 11—April 7, 1925.*

*Carriers: Negligence: Passenger injured while alighting from street car.*

1. To sustain an action for negligence a breach of some duty owed by the person against whom the claim is made must be shown. p. 593.
2. In an action against a street railway company for injuries sustained by an able-bodied woman when she was pushed off

the car by an unknown person while she was attempting to alight, a judgment in defendant's favor was properly directed, there being no duty to assist able-bodied passengers in alighting from cars. p. 593.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Personal injury. The plaintiff *Marion Dorcey* was a passenger for hire on one of defendant's street cars and while alighting therefrom was thrown from the steps of the car to the street and sustained injuries. She began this action to recover damages therefor, and her husband began an action to recover for loss of services and damages on account of the same accident. The two actions were consolidated and tried together. At the close of the plaintiff's case the trial court granted defendant's motion for a nonsuit and judgment was entered accordingly, dismissing the plaintiff's complaint, from which the plaintiff appeals.

For the appellants there was a brief by *Max Mysell* and *Joseph G. Hirschberg,* both of Milwaukee, and oral argument by *Mr. Hirschberg.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *W. T. Sullivan,* all of Milwaukee.

ROSENBERRY, J. *Marion Dorcey* was a woman in good health, thirty-nine years of age, weighing 190 pounds, height five feet eight inches, the mother of four children. She was accompanied by her sons, one eighteen years of age and one four years of age. Upon entering the car *Mrs. Dorcey* secured a rear seat, her oldest son securing a seat opposite her. The youngest son stood in the aisle in front of his mother. When the car reached Seventh and Winnebago streets *Mrs. Dorcey* and her youngest son proceeded toward the exit door to alight. They were preceded by two or three other

passengers who alighted in advance of them. Upon reaching the exit door *Mrs. Dorcey,* remaining standing on the platform, assisted her four-year-old son to alight to the ground. The older boy had been separated from his mother and was unable to afford her any assistance. After she had assisted her four-year-old son to alight she started to step from the platform onto the step, and while she was standing with one foot on the platform and the other foot on the step some unknown person stepped on her dress and at the same time she received a push, by reason of which she fell forward upon the surface of the street. There is no clear evidence as to the number of passengers who were attempting to alight; the evidence discloses the usual and ordinary situation that exists when a large number of passengers seek to alight from a street car. *Mrs. Dorcey* described the accident as follows:

"There were two or three ahead of me got off the car. Then I let my little son down, and he was on the street, when I got one foot on the platform—that is, the top platform—and one on the other [meaning the step]; and I went to take a second step, and I was pushed, and at the same time some one stepped on my dress, and it threw me out into this crowd that was standing at Seventh street."

There is no evidence of any boisterous, quarrelsome, or other unseemly or unusual conduct on the part of the passengers. The allegations of negligence contained in the complaint are: (a) defendant failed to use the highest possible human care and foresight to avoid injury to the plaintiff; (b) defendant negligently overcrowded the said street car to such an extent that the plaintiff was pushed off the said car and thrown to the ground by reason of such overloading and overcrowding; (c) defendant negligently allowed the passageways reserved for the exit of passengers to become so overcrowded that plaintiff was not able to safely alight from the same; (d) defendant failed to take such other precautions and use such other safeguards as would have been adequate to prevent the injury to the plaintiff.

It is argued very elaborately, and a large number of cases are cited to our attention to sustain the well accepted proposition, that it is the duty of a common carrier to exercise the highest degree of care reasonably to be expected from human vigilance and foresight. The principal burden of the argument is, however, that negligence is an inference to be drawn by the jury from their common knowledge, and that the matter must be submitted to a jury if reasonable men might well come to different conclusions on the subject. We are cited to cases from the courts of England, the United States, and many other jurisdictions supporting that elementary proposition. Before there can be negligence there must be a breach of duty owing by the person against whom the claim of negligence is made. It is not claimed that the defendant company in any way breached its duty to furnish a suitable vehicle for transportation. It is not claimed that the steps and floor or any part of the equipment of the street car upon which plaintiff was riding were in any way defective. The argument in this case as in many others runs backward: a person sustained an injury; therefore some one must have been guilty of a fault. Before the defendant charged can be held guilty of fault it must be pointed out what duty, if any it owed, it failed to perform. We are cited to no case and we know of no practice which makes it the duty of a street railway company to assist passengers in alighting from its cars where they are in the possession of their full senses, are intelligent, able-bodied and under no disability. There was nothing in the circumstances of this case to lead the conductor, who was in the place designated for him, to suppose that the plaintiff was in need of help in alighting from the car. She was a strong, vigorous, able-bodied woman, and it was quite apparent that her injuries, though painful and serious, are the result of unavoidable accident.

*By the Court.*—Judgment affirmed.