COLTON, Respondent, vs. FOULKES and others, Appellants.

*April 3—May 8, 1951.*

The cause was submitted for the appellants on the briefs of *Lueck, Skupniewitz & Lueck* of Beaver Dam, and for the respondent on the briefs of *Swan & Strub* of Beaver Dam, attorneys, and *Martin M. Morrissey* of Madison of counsel.

FRITZ, C. J.  In the complaint in each action plaintiff alleged:

That the defendant employer had contracted with plaintiff to make certain repairs of the roof and porch railing on his residence and to furnish all necessary materials and labor for said repairs and do all work in a good and workmanshiplike manner, with due care and skill, and that thereby it became necessary for the employer to replace and repair the porch railing; that in replacing the railing defendants in disregard of the employer's duty to securely fasten the same and use suitable and safe materials, used material and posts which were rotten and unsound, and removed only a portion of said defective parts, and notwithstanding said rotten and defective condition remaining, nailed and spliced the same to sounder materials in making extensions on said parts and that the spliced materials thus made were weakened and unreliable and liable to break and give way and pull apart upon the application of slight pressure or weight, as the defendants knew or in the exercise of due care should have known; and that defendants painted and thereby covered the defective splices and concealed the same and left the railing in a dangerous and unsafe condition; that the railing was designed to protect and keep from falling over the edges all who had occasion to frequent said porch, and that when plaintiff, shortly thereafter had occasion to use said porch and railing,—as he was about to sweep an accumulation of leaves and other debris from the eaves troughs attached to the edge

of the roof,—and leaned against the railing, it gave way due to the above-stated defects in its construction and caused plaintiff to fall to the ground without any fault or negligence on his part.

That defendants knew or should have known that users of said porch would come in contact with said railing and lean against it, or otherwise use it, and that defendants knew or should have known that said defects and weakened condition of said posts were covered with paint and were thereby concealed from such users, including plaintiff; that defendant contractor knew or should have known that the railing on said porch so constructed was dangerous for the use for which it was supplied, and failed to exercise reasonable care to inform the plaintiff of the dangerous condition of said posts and the careless and negligent construction thereof, and that the defendants thereby disregarded their duty when said railing was replaced to put and leave said roof and railing in a reasonably secure and safe condition by so carelessly and negligently fastening said railing and using such unsuitable and unsafe materials; and that solely by reason of said negligence of defendants, as aforesaid, and as a direct and proximate result thereof plaintiff was injured.

The defendants in demurring to the complaint claim that it does not state a cause of action in tort; but that plaintiff's cause of action is for breach of contract. In view of the facts as to defendants' negligence which are pleaded, as stated above, it is clearly obvious that plaintiff's intended cause of action is an action in tort. As stated in *Weber v. Naas,* 212 Wis. 537, 540, 250 N. W. 436,—

"In pleading negligence and in setting forth the facts which are alleged to constitute negligence, the general rule is that only ultimate facts are to be pleaded and it is not good pleading to plead matters of evidence. . . . If the pleading fairly informs the opposite party of what he is called upon to meet by alleging the specific acts which resulted in injury to the plaintiff, and there is included a general statement that the defendant *negligently performed* the acts complained of, the *pleading is sufficient."*

Although as to some of the facts alleged plaintiff had no direct knowledge but stated he has information which he believes to be true, his allegations are sufficient. When such facts are positively alleged on information and belief, and the pleader alleges that he believes them to be true, there are applicable thereto the provisions in sec. 263.25, Stats., and the conclusions stated in *Rogers v. Milwaukee,* 13 Wis. *610; *Morley v. Guild,* 13 Wis. *576; *Fairbanks v. Isham,* 16 Wis. *118, *120; *Thauer v. Gaebler,* 202 Wis. 296, 232 N. W. 561.

In relation to the duty of the defendant C. Starkweather & Son, Inc., in performing its contract with plaintiff, there is applicable in this action the rule stated in 38 Am. Jur., Negligence, p. 661, sec. 20,—

*"Predicating duty upon contract.* Ordinarily, a breach of contract is not a tort, but a contract may create the state of things which furnishes the occasion of a tort. The relation which is essential to the existence of the duty to exercise care may arise through an express or implied contract. Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract. In such a case, the contract is mere inducement creating the state of things which furnishes the occasion of the tort. In other words, the contract creates the relation out of which grows the duty to use care. Thus, a person who contracts to make repairs can be held liable for his negligence in doing the work. Although, as a general rule, mere failure to perform a contract cannot serve as the basis of a tort liability for negligence, and there are authorities which state that liability for negligence in the violation of a duty imposed by contract involves misfeasance rather than nonfeasance, the tendency has been to recognize that liability for negligence may be predicated upon a lack of due care in failing to act as well as upon a negligent performance. The sound rule appears to be that where there is a general duty, even though it arises from the relation created by, or from the terms of, a

contract, and that duty is violated, either by negligent performance or negligent nonperformance, the breach of the duty may constitute actionable negligence." See also Restatement, 2 Torts, p. 1030, sec. 385, and comment *b*, p. 1031; *Flint & Walling Mfg. Co. v. Beckett,* 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N. S.) 924; *Jackson v. Central Torpedo Co.* 117 Okla. 245, 246 Pac. 426, 46 A. L. R. 338; *Mobile L. Ins. Co. v. Randall,* 74 Ala. 170.

The defendants Foulkes, Hoeppner, and Lange, who were employees of the defendant contractor, contend that as there was no contractual relationship between them and plaintiff, no cause of action accrued in his favor against them even if they had been guilty of nonfeasance or misfeasance. In the complaint against each employee he is alleged to have been negligent in removing only a portion of the rotten and defective porch posts and railing, and then,—notwithstanding the rotten and defective condition of the remaining parts thereof,—in splicing and nailing such parts so that the spliced parts were weakened and liable to break and pull apart upon application of the slightest pressure or weight; and in painting and thereby concealing the defective splices and leaving the railing in a dangerous and unsafe state. Consequently, if any of the defendants were negligent in that respect they were guilty of either misfeasance or nonfeasance, and therefore the defendants would be liable under the rule stated in *Hoeverman v. Feldman,* 220 Wis. 557, 560, 563, 265 N. W. 580. We then stated:

"The defendant contends that he breached or violated no duty which he as an individual owed to the plaintiff, and that therefore he is not liable to her. It is true that before there can be negligence there must be a breach of duty owing by the person against whom the claim of negligence is made. *Dorcey v. Milwaukee E. R. & L. Co.* 186 Wis. 590, 203 N. W. 327. But it is the rule of the common law that every person shall use ordinary care not to injure another. *Greunke v. North American Airways Co.* 201 Wis. 565, 230 N. W. 618.

" 'One must take ordinary care toward others, of course, but one must also take care not to do any act or omit any precaution when from the circumstances it would reasonably appear to an ordinarily intelligent and prudent person that such act or omission might probably cause an injury to somebody.' *Hamus v. Weber,* 199 Wis. 320, 325, 226 N. W. 392. . . .

". . . Negligence exists when one has violated a duty which he owes to another whether the character of the act be positive or negative. In our opinion, the rule laid down in the *Greenberg Case, supra,* to the effect that an agent or servant is not responsible to third persons for his nonfeasance, but is responsible to third persons for his misfeasance, is not sound. In the above-mentioned note (20 A. L. R. 97) the general rule is stated thus:

" 'An agent who violates a duty which he owes to a third person is answerable to such person for the consequences, whether it be an act of malfeasance, misfeasance, or *nonfeasance.'* " See also Restatement, 2 Agency, p. 769, sec. 350, and comment *c,* p. 771; 35 Am. Jur., Master and Servant, pp. 1019–1027, secs. 584–590.

*By the Court.*—Orders affirmed in each case.