Oswald LANDWEHR, Plaintiff-Appellant-Petitioner,

v.

CITIZENS TRUST COMPANY, a Wisconsin corporation as personal representative of the Estate of Otto Anthony Landwehr, Defendant-Respondent.

Supreme Court

*No. 81–969. Argued October 5, 1982.—Decided February 3, 1983.*

(Also reported in 329 N.W.2d 411.)

For the plaintiff-petitioner there were briefs and oral argument by *Robert C. Hahn,* Sheboygan.

For the defendant-respondent there was a brief by *James O. Conway* and *Chase, Olsen, Kloet & Gunderson,* Sheboygan, and oral argument by *Mr. Conway.*

LOUIS J. CECI, J.    The issue presented is whether a cause of action in negligence arises out of a testator's failure to properly execute his will. The trial court granted the defendant's motion to dismiss the complaint, and the court of appeals affirmed. We conclude that the complaint fails to state a claim upon which relief can be granted, because this alleged breach of contract is not actionable in tort. Accordingly, we affirm the decision of the court of appeals.

Otto Landwehr, the father of the plaintiff, Oswald Landwehr, executed a "will" that was not admitted to probate because it was only attested by one witness. This instrument, which was apparently drafted without the assistance of an attorney, granted Otto's farm to Oswald, "who did give up his freedom and devoted his life to me for little pay because of my physical impairment for many years and my invalid wife."[1]

---

[1] The complete text of the instrument is as follows:

"Last WILL and TESTAMENT of OTTO A LANDWEHR

"From my informal noncupative Will, I Otto A Landwehr of Town Sheboygan R.R.2 CTY. TR. J–5918 Sheboygan County Wis. On this Date Aug 17 1978 now make my LAST WILL AND TESTAMENT, in writting [sic], being sound mind memory and understanding do hereby make, publish and declare this, in manner following

"TO PROBATE-EXECUTE WITH LEAST TIME COST and LEAST TIME COST OF LAWYER I direct for APPRAISAL local Town Assessor and Clerk assessments, this is an inherit keepsake is not offered for sale

"I GIVE TO MY BELOVED SON HOWARD LANDWEHR—$13000.00 CASH

"I GIVE TO MY BELOVED SON GROVER LANDWEHR—$13000.00 CASH

The instrument was "executed" on August 17, 1978. The complaint alleged that on many occasions before this date, Otto had told Oswald that the farm would be his when Otto died and that for many years Oswald worked on the farm for extremely low wages, "in reliance upon and in consideration of his father's assurance that 'this

"Oswald who did give up his freedom and devoted his life to me for little pay because of my physical impairment for many years and my invalid wife

"I GIVE TO MY BELOVED SON OSWALD LANDWEHR if deceased to wife Joan and children my complete farm with buildings land personal property machinery tools feeds livestock house fixtures personal things prints records—ALL PAYMENTS RECEIVED ON or AFTER my death for produce, milk, livestock —EVEN if hauled from farm prior my death

"I direct automobile to GROVER thereby he pay Howard and Oswald each ⅓ of the cash value of that car (Oswald you buy a truck for yourself with your ⅓

"I NOMINATE, APPOINT without bond GROVER or OS-WALD LANDWEHR = ADMINISTRATOR, OSWALD LAND-WEHR — EXECUTOR, TRUSTEE, to control all my possession put money at highest interest rate, sign checks prints as to Law & Probate pay my just debt expenses funeral, income & property tax till end of year I died; From MONEY at HAND if more needed then only take from farm But if not needed and SURPLUS is at hand that divide equally among my three sons—⅓ to HOW-ARD, ⅓ to GROVER, ⅓ to OSWALD, all are LANDWEHR.

"IN WITNESS WHEREOF I have here unto set my hand and seal this 17 day of Aug 1978

"/s/ Otto A Landwehr    SEAL
"The above instrument, with no interlineations, was on the day of this date signed sealed published and declared by said OTTO A LANDWEHR to be his LAST WILL AND TESTAMENT in presence of /s/ Ruben Landwehr who at Otto A. Landwehr request in his presence then and there in presence of each other subscribed name hereto as attesting witness.

"I do further certify that in my judgment and belief the said Otto A Landwehr is at this time and at time of making said Will of sound mind and disposing memory /s/ Ruben Landwehr

"IN VEIW [sic] OF INFORMALITY BEG WITH THE HELP OF GOD FOR ACCEPTANCE"

will all be yours.'" The complaint further alleged that the instrument entitled "Last Will and Testament of Otto A. Landwehr" was a contractual will, intended as performance of Otto's part of his agreement with Oswald, and that Otto was negligent in the preparation and execution of the "will." The complaint demanded damages of $450,000.

Oswald Landwehr commenced an action against Citizens Trust Company as personal representative of the estate of Otto Landwehr. The action was brought after the time for filing claims against the estate, under sec. 859.01, Stats.,[2] had expired. However, sec. 859.01 does not apply to torts,[3] and the complaint was filed within three years of the defective execution of the instrument. Citizens Trust Company moved to dismiss the complaint on the grounds that the contract action was barred by sec. 859.01, and that the tort action failed to state a claim upon which relief could be granted. The trial court granted the motion, reasoning that since there was no legal duty to provide by will for a son who has cared for his father, independent of a contract to do so, there was no basis for tort liability. The court of appeals accepted the trial judge's reasoning and affirmed the decision.

[2] Section 859.01(1), Stats., provides as follows:

"859.01 **Limitation on filing claims against decedent's estates.** (1) Except as provided in sub. (3) and s. 859.03, all claims against a decedent's estate including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, are forever barred against the estate, the personal representative and the heirs and beneficiaries of the decedent unless filed with the court within the time for filing claims."

[3] Section 859.01(3), Stats., provides as follows:

"(3) This section does not bar claims based on tort, claims based on Wisconsin income, sales, withholding, gift, inheritance or estate taxes, claims for funeral expenses, claims for administration expenses or claims of the United States."

The plaintiff does not dispute that an action in contract is not available because of the untimely filing of the complaint. However, even if the complaint had been filed within the prescribed time, the plaintiff would not necessarily be entitled to recover, since there is still the question whether there existed a "contract" to be breached. The existence of an enforcable contract would also be necessary for recovery in a tort action, if such a cause of action were available. Thus, we assume for the purpose of this discussion that the "will" confirmed the oral contract between the plaintiff and his father, and the agreement was not void under the Statute of Frauds.[4]

This brings us to the substantive question of whether a breach of contract is actionable in tort. From the early days of the common law until today, there has been continuing confusion in the law as to how to treat cases in which it is alleged that a contract has been performed improperly. At early common law, breach of contract and tort were grouped together under the heading of "action on the case," an action for all wrongs not involving the direct application of force. *See* Page, *The Law of Contracts,* secs. 25, 57 (2d ed. 1920). Later, "assumpsits" were separated from torts.

Ordinarily in modern procedure the theoretical distinction between contract and tort is not significant. The distinction becomes important where, as in this case, labeling an action as a tort or contract has significant consequences. Here, the applicable claims statute treats tort and contract actions differently and would bar the plaintiff's actions if based on contract but not if based on tort. In this case there is a serious question as to whether the tort claim is valid because the grounds of recovery asserted are not traditionally recognized in tort law. Thus, knowing the reason for the statutory distinction between tort and contract claims will help us determine how to classify the plaintiff's action.

---

[4] Section 706.02, Stats.

The purpose of the claims statute is to secure prompt administration of the estate and to allow the beneficiary to receive the property free of the claims of others. The statutory distinction between contract and tort claims is based on the generally assumed differences between the creditor-decedent and tortfeasor-decedent relationships. The statutory period for filing contract claims is short, apparently because in the usual case the decedent and the creditor generally have a relationship of some duration, the creditor would be likely to know of the debtor's death, and the creditor would be able to evaluate his or her claim and file it promptly after the death. In contrast, generally a tort claimant does not have a relationship of any significance with the decedent, would not ordinarily know of the tortfeasor's death, may have difficulty evaluating whether he or she has a claim, and may not be able to file a claim promptly after the death. In the contract case the parties generally have exercised a choice in dealing with each other, while in the tort case the parties ordinarily have not chosen to deal with each other. Obviously, not every creditor-decedent relationship or tort claimant-decedent relationship fits the stereotypes upon which the claims statute is based.

In this case, the plaintiff concedes that the foundation of his cause of action is a contract and that the claim for breach of contract was not filed against the estate within the time limitations of the claims statute. The plaintiff seeks to circumvent the claims statute by arguing his contract claim on an unusual tort theory. For this court to hold that this plaintiff has a valid cause of action against the estate in tort would defeat the purpose of the claims statute distinguishing between contracts and torts and would defeat the purpose of the short period for contract actions which was enacted to "promote the speedy settlement of estates in the interest of the creditors, heirs and devisees, and to render certain the titles to real estate."

*Estate of Palmer,* 68 Wis. 2d 101, 108, 227 N.W.2d 680 (1975) ; *Estate of Lathers,* 215 Wis. 151, 154, 251 N.W. 466, 254 N.W. 550 (1934). Upholding this plaintiff's cause of action in tort might enable any person who has a claim against a decedent's estate based on the decedent's breach of contract to file after the time period in the claims statute had passed, based on the theory that the breach of contract is actually the negligent failure to perform a contract properly, even though the duties giving rise to the tort action would not have arisen in the absence of a contract. The claims statute should not be interpreted in such a way as to defeat its purpose.

Both parties have cited *Colton v. Foulkes,* 259 Wis. 142, 146–47, 47 N.W.2d 901 (1951), as authority for their respective positions. We stated in *Colton* that where there is a general duty, even though it arises from the terms of the contract, the breach of that duty may constitute actionable negligence. The plaintiff in *Colton v. Foulkes* was allowed to proceed on a tort theory even though a cause of action for breach of contract was apparently available. However, the facts in *Colton* are worth noting. In *Colton,* the defendants had contracted with the plaintiff to repair the porch railing on the plaintiff's house. It was alleged in the complaint that the defendants "carelessly and negligently" fastened the railing, that they used "unsuitable and unsafe materials" and that their negligence caused the plaintiff's bodily injuries. 259 Wis. at 145. The county court overruled the demurrers of the defendants, and those orders were affirmed. This court adopted the following rule from 38 Am. Jur. *Negligence* sec. 20 :

*"Predicating duty upon contract.* Ordinarily, a breach of contract is not a tort, *but a contract may create the state of things* which furnishes the occasion of a tort." 259 Wis. at 146. (Emphasis added.)

57 Am. Jur. 2d *Negligence* sec. 47 makes the above-quoted statement and adds :

"As a general rule, there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner, and a negligent failure to observe any of these conditions is a tort, as well as a breach of contract. . . . *[T]he contract is mere inducement creating the state of things which furnishes the occasion of the tort.*" (Emphasis added.)

The defendant correctly notes that the "state of things" which arises out of a contract furnishes the occasion for the tort, but not the underlying duty for the tort. We agree with the court of appeals that there must be a duty existing independently of the performance of the contract for a cause of action in tort to exist. Prosser has explained this principle as follows:

"The principle which seems to have emerged from the decisions in the United States is that there will be liability in tort for misperformance of a contract whenever there would be liability for gratuitous performance without the contract—which is to say, whenever such misperformance involves a foreseeable, unreasonable risk of harm to the interests of the plaintiff." W. Prosser, *Handbook of the Law of Torts* sec. 92, pp. 617–18 (4th ed. 1971).

The plaintiff has also quoted this language from Prosser in support of his position. He contends "that there will be liability in tort 'whenever such misperformance involves a foreseeable, unreasonable risk of harm to the interests of the plaintiff.'" We agree with the courts below that this theory, which focuses on foreseeability, rather than liability for gratuitous performance, would destroy the distinction between tort and contract, since some kind of foreseeable injury or damage is present in virtually all contractual breaches. Even without a contract, the plaintiff in *Colton* had a cause of action in tort, since the defendant still had a general common law duty to use reasonable care in repairing the porch. Thus,

*Colton* is distinguishable from the case before us. The trial court correctly held that Otto Landwehr was free not to make a will[5] unless there was an enforceable contract providing otherwise.[6]

Therefore, we conclude that a testator's breach of contract in failing to make certain provisions by will is not actionable in tort. The trial court properly dismissed the plaintiff's complaint.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[5] In Wisconsin, unlike most other jurisdictions, the right to make a will is guaranteed by the constitution. Wis. Const. art. I, sec. 1, and art. XIV, sec. 13. 1 *Callaghan's Wisconsin Probate* sec. 4.5 (8th ed. 1982). It seems to us that Wisconsin citizens are also free not to make a will.

[6] The defendant also argues that even if there could be a cause of action in negligence for the failure to properly execute a will, the action in this case would nevertheless be barred. It is argued that the underlying claim is what determines which statute of limitations is applicable. Defendant contends that the two-year statute of limitations for compensation for personal services, sec. 893.44, Stats., would apply. Under this rationale, the filing of the plaintiff's complaint would still be untimely.

The defendant advances another argument under the assumption that there could be a cause of action for negligent execution of a will. The defendant contends that any cause of action for negligence arose upon the death of the decedent, rather than when the will was improperly executed. In addition, before an action may survive against the estate of the wrongdoer, the cause of action must have existed during his lifetime. Therefore, no cause of action existed at the time of the death of Otto Landwehr which could have survived his death.

While we find these arguments interesting, we feel that it is not necessary to discuss their merits, since we have determined that there is no cause of action in tort for failure to properly execute a will.