**WISCONSIN PUBLIC SERVICE CORPORATION, a Wisconsin corporation, Plaintiff,**

v.

**ECODYNE CORPORATION, a Delaware corporation, Custodis–Ecodyne, Inc., a New Jersey corporation, and Research–Cottrell, Inc., a New Jersey corporation, Defendants.**

No. 87–C–339.

United States District Court, E.D. Wisconsin.

Dec. 13, 1988.

Foley & Lardner by Michael Van Alstine, Milwaukee, Wis., for plaintiff.

Keck, Mahin & Cate by Roger L. Longtin, and Stephen L. Agin, Chicago, Ill., Habush, Habush & Davis by Michael Jassack, Milwaukee, Wis., for Ecodyne.

Michael, Best & Friedrich 250 E. Wisconsin Ave. by Gary Ahrens, Milwaukee, Wis., for Custodis & Research.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Plaintiff, Wisconsin Public Service Corporation (WPSC), alleges that defendants, Ecodyne Corporation (Ecodyne), Custodis–Ecodyne and Research–Cottrell are liable for the damages incurred as a result of several fill failures in its water cooling tower. Ecodyne has filed a motion in limine seeking to prohibit plaintiff from introducing evidence of other accidents, remedial measures and compromises in connection with different water cooling tower sites; the motion will be denied in part and granted in part. Ecodyne has also filed a motion for summary judgment on the second, third, fifth and sixth claims for relief; the motion for summary judgment will be granted.

Ecodyne seeks to exclude any evidence relating to its replacing fiberglass J–Beams in other water cooling towers located at different sites. Ecodyne's position is that such evidence should be barred because (1) it is evidence of compromise and (2) it is evidence of subsequent remedial measures. WPSC contends that such evidence is not the result of a compromise or remedial in nature; it also suggests that it may offer such evidence for the purpose of showing knowledge or for impeachment.

■ While Rule 408, Federal Rules of Evidence, renders evidence of compromise or settlement inadmissible for the purpose of "prov[ing] liability for or invalidity of the claim or its amount," the rule does not prevent the use of such evidence for other purposes, such as impeachment. Similarly, Rule 407 operates to exclude evidence of remedial measures to prove the existence of a defect; it does not prevent the use of evidence for impeachment. WPSC will be prohibited from introducing evidence of compromise or remedial measures to prove liability, but will not be precluded from using such evidence for other allowable purposes. For example, WPSC may properly offer evidence of other accidents to demonstrate that Ecodyne's representations as to the adequacy of the use of J-beams were knowingly false at the time they were made. See paragraphs 35, 38 and 39 of the amended complaint.

■ Ecodyne also maintains that since any mention of the other fill failures will be highly prejudicial, will confuse the jury and will be a waste of time, it should be exclud-

ed under Rule 403, Federal Rules of Evidence. This rule provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The court is persuaded that the evidence of fill failures at other locations is relevant and is not unfairly prejudicial, confusing or needless. In summary, assuming that a proper foundation has been laid, WPSC will be able to introduce evidence of other fill failures, but in the absence of a proper purpose, it will be precluded from introducing evidence of compromise or remedial undertakings.

In its motion for summary judgment, Ecodyne contends that the third claim for relief (negligence), the fifth claim for relief (misrepresentation) and the sixth claim for relief (strict liability) of the first amended complaint fail to state causes of action because Wisconsin law does not allow recovery of purely economic loss in tort. *Wisconsin Power and Light v. Westinghouse Electric Co.*, 830 F.2d 1405 (7th Cir.1987); *Twin Disc v. Big Bud Tractor*, 772 F.2d 1329 (7th Cir.1985). WPSC counters that since it sustained damage to property other than the defective product, economic loss is recoverable. *Wisconsin Power*, 830 F.2d at 1409, n. 1 and *Twin Disc*, 772 F.2d at 1333, *citing City of LaCrosse v. Schubert, Schroeder & Assoc. Inc.*, 72 Wis.2d 38, 44, 240 N.W.2d 124, 127 (1976).

WPSC's present tort claims fail as a matter of law. But for the contract, Ecodyne had no gratuitous duty to design or construct an operational water cooling tower; the duty to repair it also stems from the contract itself. Wisconsin law requires that there be "a duty existing independently of the performance of the contract for a cause of action in tort to exist." *Landwehr v. Citizens Trust Co.*, 110 Wis.2d 716, 723, 329 N.W.2d 411, 414 (1983). *See also Autumn Grove Joint Venture v. Rachlin*, 138 Wis.2d 273, 281, 405 N.W.2d 759 (Ct. App.1987).

Even if WPSC could point to a legally cognizable duty apart from the contract, summary judgment would be appropriate. The court rejects WPSC's argument that a showing of property damage, regardless of the amount or nature of the damage, to property other than the product itself entitles one to recover economic loss in tort in addition to the contract remedies. No Wisconsin court has addressed whether a party to a purely commercial contract dispute may also recover tort damages when there is minimal damage to other property. It is unclear whether Wisconsin law would sustain a tort claim under these circumstances. In the absence of such direction, the court declines to allow a tort claim upon a showing of de minimus damage to other property.

In a review of this subject in 19 Uniform Commercial Code Law Journal 291, 315–316 (1987) (footnote omitted), the authors explained why tort recovery should not be permitted in contractual disputes:

> Ignoring the contract by permitting recovery in tort circumvents the understandings and risk allocations of the parties, and unnecessarily wreaks havoc on the pricing structure in complex commercial transactions.
>
> This is true for economic loss caused by a defective product. This is no less true where the defective product causes injury to itself (whether sudden or gradual) or other property of the plaintiff. It all concerns money—the stuff of commerce. Commercial transactions are based on contract. If a defective product in a commercial transaction caused monetary damage—whether characterized as property damage or economic loss—the legal remedy should be based on the contract and the law of contract.

In amending its complaint, WPSC incorporated the original allegations in its second claim for relief. That claim for relief was dismissed in the court's decision and order dated March 28, 1988. Ecodyne's motion to dismiss the second claim will be granted.

Therefore, IT IS ORDERED that Ecodyne's motion in limine be and hereby is denied in part and granted in part.

IT IS ALSO ORDERED that Ecodyne's motion for summary judgment on the second, third, fifth and sixth claims for relief of plaintiff's amended complaint be and hereby is granted.

IT IS FURTHER ORDERED that each party shall bear its own costs on these motions.