MILWAUKEE PARTNERS, a limited partnership, Plaintiff-Appellant,

v.

COLLINS ENGINEERS, INC., an Illinois corporation, Defendant-Respondent.†

Court of Appeals

*No. 91–1530. Submitted on briefs March 3, 1992.—Decided May 5, 1992.*

. (Also reported in 485 N.W.2d 274.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Allen N. Rieselbach, Steven P. Schneider,* and *David J. Sisson* of *Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Gerald R. Harmon, Dorothy H. Dey,* and *Rocke A. Calvelli* of *Quale, Feldbruegge, Calvelli, Thom & Croke, S.C.* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J.   This is an action to recover losses Milwaukee Partners claims it sustained as the result of neg-

ligence by Collins Engineers, Inc. The trial court dismissed Milwaukee Partners' complaint as barred by the six-year statute of limitations for contract actions, holding inapplicable the rule that tolls a statute of limitations until the plaintiff has either discovered or in the exercise of reasonable diligence should have discovered its injury. We reverse.

## I.

Milwaukee Partners purchased a Milwaukee office building in September of 1983. Prior to buying the building, Milwaukee Partners hired Collins Engineers to inspect it, and, according to the complaint, told Collins Engineers "that it would not purchase the building unless it were structurally sound."[1] On August 31, 1983, Collins Engineers reported, *inter alia,* that:

---

[1]Collins Engineers contended before the trial court that it was never retained by Milwaukee Partners and that "the only contractual relationship it had in 1983 relative to this building was with the entity known as TB&Z Realty and Management Corporation," and not Milwaukee Partners. The trial court did not decide this issue, and Collins Engineers does not raise it on appeal as a ground for affirmance. Indeed, Collins Engineers' position on this appeal is that there *was* a contract between it and Milwaukee Partners, and that Milwaukee Partners' sole cause of action is for breach of that contract. Thus, its appellate brief attempts to distinguish a case relied upon by Milwaukee Partners by noting that "[t]here was no privity and no contractual relationship between the plaintiff and defendants" in that case, while "[i]n the present case, there is a definite contractual relationship specifically alleged by Milwaukee Partners in its complaint." For the purposes of this appeal only, we assume that the contract was between Milwaukee Partners and Collins Engineers, as alleged in the complaint.

In general, no conditions were found which significantly reduce the load carrying capacity of the structure. There are, however, indications that in the past, portions of the building have been subjected to loads which caused localized damage. There are also areas of localized continuing deterioration.

Milwaukee Partners claims that it purchased the office building "in reliance" on Collins Engineers' report. It also alleges that when it attempted to sell the building in 1990, engineers hired by the prospective purchaser warned, as phrased by Milwaukee Partners' complaint, "that the building may not be structurally sound." (Capitalization in original omitted.) Milwaukee Partners then hired another structural engineering firm. According to the complaint, in August of 1990, this firm reported that the office building "was not structurally sound on that date, and was not structurally sound on the date Collins Engineers inspected the building." (Capitalization in original omitted.)

Milwaukee Partners' complaint asserts that:

Collins Engineers failed to exercise the degree of care, skill, and judgment usually exercised under like or similar circumstances by engineers licensed to practice in Wisconsin when it, among other ways:

a. Failed to discover that the Building was not structurally sound;

b. Did not explain to Milwaukee Partners the significance of the shear cracks that Collins Engineers observed in the Building's concrete support beams.

c. Failed to warn Milwaukee Partners that there was risk that the Building may not be structurally sound.

d. In the alternative, failed to inform Milwaukee Partners that the scope of Collins Engineers' work would be inadequate to determine whether the

Building would be structurally sound when Collins Engineers understood that Milwaukee Partners needed it to verify that the Building was structurally sound.

Milwaukee Partners contends that not only did it lose the opportunity to sell the building for a profit as a result of Collins Engineers' alleged negligence but that it was also forced to evict the building's tenants for their own safety, and, accordingly lost rental income and incurred other miscellaneous economic damage.

Collins Engineers brought a motion for summary judgment seeking dismissal of Milwaukee Partners' complaint on two grounds. First, as already noted, Collins Engineers asserted that it was never retained by Milwaukee Partners. Second, it argued that Milwaukee Partners' complaint stated a claim "solely for breach of contract," and, since, as a matter of law, it is immaterial for statute-of-limitations purposes when the alleged breach of contract was first discovered, *see State v. Holland Plastics Co.,* 111 Wis. 2d 497, 506, 331 N.W.2d 320, 325 (1983); *Segall v. Hurwitz,* 114 Wis. 2d 471, 490, 339 N.W.2d 333, 343–344 (Ct. App. 1983), and because the alleged breach occurred more than six years prior to the filing of the summons and complaint, Milwaukee Partners' claim was barred by the six-year statute of limitations applicable to contract actions, sec. 893.43, Stats.[2] The trial court agreed and granted judgment to Collins Engineers dismissing Milwaukee Partners' complaint.

[2]Section 893.43, Stats., provides:

**Action on contract.** An action upon any contract, obligation or liability, express or implied, including an action to recover fees for professional services, except those mentioned in s. 893.40, shall be commenced within 6 years after the cause of action accrues or be barred.

## II.

■

Our review of a trial court's grant of summary judgment is *de novo*. *See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). We must first determine whether the complaint states a claim. *Ibid.* If the complaint states a claim, we must then determine whether "there is no genuine issue as to any material fact" so that a party "is entitled to a judgment as a matter of law." *See* Rule 802.08(2), Stats.; *Green Spring Farms,* 136 Wis. 2d at 315, 401 N.W.2d at 820; *see also* Rule 802.08(6), Stats. ("If it shall appear to the court that the party against whom a motion for summary judgment is asserted is entitled to summary judgment, the summary judgment may be awarded to such party even though the party has not moved therefor."). Collins Engineers' entitlement to summary judgment turns on whether Milwaukee Partners' complaint states a claim in tort, and, if so, whether the statute of limitations runs from the time of the alleged negligence or from the time the alleged negligence was either discovered or with reasonable diligence should have been discovered by Milwaukee Partners.

As we have seen, Milwaukee Partners' complaint alleges that Collins Engineers "failed to exercise the degree of care, skill, and judgment" in making the inspection "usually exercised under like or similar circumstances by engineers licensed to practice in Wisconsin." This allegation states a claim in tort if Collins Engineers owed Milwaukee Partners a duty of due engineering care in the fulfillment of its contractual obligations. *See Landwehr v. Citizens Trust Co.,* 110 Wis. 2d 716, 723, 329 N.W.2d 411, 414 (1983) (Failure to exercise ordinary care in fulfillment of contract is tort if common-law duty to exercise ordinary care exists indepen-

dent of the contract and " 'contract is mere[ly the] inducement creating the state of things which furnishes the occasion of the tort.' ") (citation and emphasis omitted); *Denzer v. Rouse,* 48 Wis. 2d 528, 531, 180 N.W.2d 521, 523 (1970) (Attorney malpractice "may sound in tort as well as contract."). *Compare Milwaukee County v. Schmidt, Garden & Erikson,* 43 Wis. 2d 445, 453, 168 N.W.2d 559, 563 (1969) (Architectural malpractice can "sound either in tort or contract" if the failure to exercise care involves a duty " 'created by contract between the parties.' ") (quoting *Klingbeil v. Saucerman,* 165 Wis. 60, 61, 160 N.W. 1051, 1051 (1917)) *with Kaltenbrun v. City of Port Washington,* 156 Wis. 2d 634, 644, 457 N.W.2d 527, 530–531 (Ct. App. 1990) (Design and engineering firm's contract did not impose duty to insure construction-site safety.).

It is undisputed that Collins Engineers' contractual responsibilities with respect to its inspection of the building encompassed an analysis of the building's structural integrity. Since members of a profession have a common-law duty to exercise "the standard of care ordinarily exercised by the members of that profession," *A.E. Inv. Corp. v. Link Builders, Inc.,* 62 Wis. 2d 479, 489, 214 N.W.2d 764, 769 (1974) (architects); *Helmbrecht v. St. Paul Ins. Co.,* 122 Wis. 2d 94, 111–12, 362 N.W.2d 118, 128 (1985) (attorneys), the contract did not *create* the duty of due care but, rather, merely " 'furnishe[d] the occasion' " for fulfillment of that duty, *see Landwehr,* 110 Wis. 2d at 723, 329 N.W.2d at 414 (citation and emphasis omitted). Thus:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transac-

362

tions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

RESTATEMENT (SECOND) OF TORTS § 552(1) (1976). This rule "applies not only to information given as to the existence of facts but also to an opinion given upon facts equally well known to both the supplier and the recipient" of the opinion. *Id.*, comment b. Accordingly, since Collins Engineers owed a common-law duty of due engineering care in fulfilling its contractual responsibilities, and because Milwaukee Partners' complaint alleged a breach of that duty and resulting damage, the complaint stated a claim in tort.[3] We now turn to whether that

---

[3]Collins Engineers argues that Wisconsin does not recognize a claim in tort for purely economic loss—as opposed to injury or damage to either person or property. This contention is only partially true. "The general rule in Wisconsin is that tort remedies involving claims of economic damages only are not available to a purchaser in a commercial setting where an effective warranty exists between the parties. *Sunnyslope Grading, Inc. v. Miller, Bradford and Risberg, Inc.*, 148 Wis. 2d 910, 921, 437 N.W.2d 213, 217–18 (1989)." *Midwhey Powder Co., Inc. v. Clayton Indus.*, 157 Wis. 2d 585, 590, 460 N.W.2d 426, 429 (Ct. App. 1990). The breach of a professional obligation of due care is a tort, however, even though the breach causes only economic damages, unless "considerations of public policy . . . intervene in the particular case to prevent" liability. *A.E. Inv. Corp.*, 62 Wis. 2d at 490–91, 214 N.W.2d at 770 (architects). *See also Citizens State Bank v. Timm, Schmidt & Co.*, 113 Wis. 2d 376, 386, 335 N.W.2d 361, 366 (1983) (accountants); *Lewandowski v. Continental Cas. Co.*, 88 Wis. 2d 271, 277, 276 N.W.2d 284, 287 (1979) (attorneys). Thus, unless public-policy considerations against liability intervene, professionals in Wisconsin are liable in tort for economic damages irrespective of whether there is a contractual relation-

claim is barred by the applicable statute of limitations.

Section 893.53, Stats., provides, in pertinent part, that "[a]n action to recover damages for an injury to the . . . rights of another, not arising on contract, shall be commenced within 6 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred." This provision "is a blanket limitation on tort actions" unless another statute creates a different limitations period. *Acharya v. Carroll,* 152 Wis. 2d 330, 337, 448 N.W.2d 275, 279 (Ct. App. 1989) (attorney malpractice). Since there is no statute of limitations expressly applicable to engineering malpractice, we hold that section 893.53 applies and, accordingly, an engineering-malpractice claim must be "commenced within 6 years after the cause of action accrues."

As previously noted, Collins Engineers' report on the structural integrity of the building purchased by Milwaukee Partners was issued on August 31, 1983. According to the complaint, but not conceded on summary judgment by Collins Engineers, Milwaukee Partners first learned in the Spring of 1990 that the building may have been structurally unsound. The summons and complaint was filed August 20, 1991. Milwaukee Partners contends that the "discovery rule" first announced by the Wisconsin Supreme Court in *Hansen v. A.H. Robins Co., Inc.,* 113 Wis. 2d 550, 335 N.W.2d 578 (1983), preserves its claim. *Hansen* declared:

---

ship between the parties. *See, e.g., A.E. Inv. Corp.,* 62 Wis. 2d at 488, 214 N.W.2d at 769 (lack of privity with plaintiff no defense to architect's liability for malpractice); *Lewandowski,* 88 Wis. 2d at 281, 276 N.W.2d at 288–89 (attorney liable to client for malpractice if attorney's negligence caused client's damages).

> In the interest of justice and fundamental fairness, we adopt the discovery rule for all tort actions other than those already governed by a legislatively created discovery rule. Such tort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first. All cases holding that tort claims accrue at the time of the negligent act or injury are hereby overruled.

*Id.,* 113 Wis. 2d at 560, 335 N.W.2d at 583. In light of this broad policy pronouncement by the court, and in light of the court's recent statement that the discovery rule applies to legal-malpractice actions, *Hennekens v. Hoerl,* 160 Wis. 2d 144, 154 n.8, 160, 465 N.W.2d 812, 816 n.8, 819 (1991), we hold that the discovery rule applies to engineering-malpractice actions as well. Accordingly, if Milwaukee Partners either did not discover or with reasonable diligence could not have discovered Collins Engineers' alleged negligence within the six years preceding the commencement of this action on August 20, 1991, Milwaukee Partners' tort claim against Collins Engineers is not barred by section 893.53, Stats. The judgment entered by the trial court dismissing the complaint is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed, cause remanded.