COURT OF APPEALS
DECISION
DATED AND FILED

September 6, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP1536**

Cir. Ct. No.  **2020CV2895**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

DENNIS S. LENDOWSKI AND LUZ M. LENDOWSKI,

PLAINTIFFS-APPELLANTS,

AURORA HEALTH CARE INC. HEALTH AND WELFARE PLAN,

SUBROGATED PARTY-PLAINTIFF,

V.

TIPPECANOE, LLC, MILWAUKEE AQUATICS, FRANKENMUTH MUTUAL INSURANCE COMPANY, OHIO SECURITY INSURANCE COMPANY, SIDELLO PROPERTY, LLC AND CINCINNATI INSURANCE COMPANY,

DEFENDANTS-RESPONDENTS.

APPEAL from orders of the circuit court for Milwaukee County: LINDSEY CANONIE GRADY, Judge.  *Affirmed in part; reversed in part and cause remanded for further proceedings.*

Before White, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Dennis S. Lendowski and his wife, Luz M. Lendowski (collectively the Lendowskis), appeal a grant of summary judgment in favor of Tippecanoe, LLC, Milwaukee Aquatics, Frankenmuth Mutual Insurance Company, Ohio Security Insurance Company, Sidello Property, LLC, and Cincinnati Insurance Company.  As discussed below, pursuant to WIS. STAT. § 893.89 (2021-22),[1] we conclude that the Lendowskis' claims are time-barred against all of the parties except for Sidello and its insurer, Cincinnati Insurance Company, and we affirm that portion of the summary judgment order.  With regard to Sidello and its insurer, we conclude that summary judgment was appropriate on all of the Lendowskis' claims, except for the negligence claim. Accordingly, we reverse that portion of the summary judgment order and remand for further proceedings.

## BACKGROUND

¶2      On January 19, 2020, Dennis was walking to a relative's house when he slipped and fell on a patch of ice on a public sidewalk abutting a building located at 3946 South Howell Avenue in Milwaukee.  Tippecanoe owned the Howell Avenue building and leased it to Milwaukee Aquatics.  At the time of the accident, Tippecanoe contracted out snow removal services to Sidello.  According

---

[1] The accident at issue took place on January 19, 2020.  However, because the relevant statutory language has not changed, all references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

to the Lendowskis' expert, the patch of ice had formed on the base of a downspout on the building.

¶3    The Lendowskis filed a summons and complaint alleging negligence, a violation of Wisconsin's safe place statute, WIS. STAT. § 101.11, a violation of MILWAUKEE, WIS., MILWAUKEE CODE OF ORDINANCES, § 116-8 (2019), and loss of consortium.[2]  The complaint named Tippecanoe, Milwaukee Aquatics, and their insurance companies, Frankenmuth Mutual Insurance Company and Ohio Security Insurance Company, as defendants.  In an amended complaint, the Lendowskis added Sidello and its insurance company, Cincinnati Insurance Company, as defendants.

¶4    Tippecanoe, Milwaukee Aquatics, Sidello, and their respective insurance companies moved for summary judgment.  After briefing and argument, the trial court granted summary judgment and dismissed all of the Lendowskis' claims.  In an oral decision, the trial court found that the ice on the sidewalk was a "natural" occurrence and thus the defendants were not negligent.  The court also rejected the Lendowskis' arguments that MILWAUKEE ORDINANCE § 116-8 established a private cause of action, and that the safe place statute was applicable in this case.  Finally, the court determined that neither the lease between Tippecanoe and Milwaukee Aquatics nor Sidello's contract with Tippecanoe for snow removal created a duty to maintain the sidewalks free of ice and snow.

¶5    This appeal follows.  Additional relevant facts are referenced below.

---

[2] The Lendowskis do not specifically address loss of consortium on appeal.  Therefore, we deem this claim abandoned and do not discuss it further.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) (holding that "in order for a party to have an issue considered by this court, it must be raised and argued within its brief").

## DISCUSSION

¶6      A trial court's decision to grant summary judgment is a question of law that we review independently. ***Strasser v. Transtech Mobile Fleet Serv., Inc.***, 2000 WI 87, ¶28, 236 Wis. 2d 435, 613 N.W.2d 142. Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶7      To start, the Lendowskis contend that the trial court erred in holding that the ice accumulation was natural. However, even if we assume that the trial court erred in finding that the ice accumulation was natural, we conclude that summary judgment was appropriate because the Lendowskis' claims are statutorily time-barred by WIS. STAT. § 893.89 with respect to all of the parties except for Sidello and its insurer. *See **State v. Smiter***, 2011 WI App 15, ¶9, 331 Wis. 2d 431, 793 N.W.2d 920 (explaining that we may affirm a trial court's decision on different grounds).

¶8      WISCONSIN STAT. § 893.89, which addresses injuries resulting from improvements to real property, provides in relevant part that:

> (1) In this section, "exposure period" means the 7 years immediately following the date of substantial completion of the improvement to real property.
>
> (2) Except as provided in sub. (3), no cause of action may accrue and no action may be commenced … against the owner or occupier of the property … after the end of the exposure period, to recover damages for any injury to property, for any injury to the person, or for wrongful death, arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property.

Thus, under the plain language of the statute, no action may be commenced against the owner or occupier of a property seven years after the date of a substantial completion of an improvement to real property.

¶9      Here, there is no dispute that Tippecanoe purchased the Howell Avenue property in April 2011.  There is also no dispute that the downspout at issue was an improvement and that Tippecanoe did not install, alter, or modify the downspout between the time that it purchased the property and the accident in January 2020.  Thus, the downspout was constructed or installed outside the seven year "exposure period" in WIS. STAT. § 893.89.  Accordingly, we conclude the Lendowskis' claims against Tippecanoe, the owner of the property, and Milwaukee Aquatics, the occupier of the property, are foreclosed by statute.[3] However, the Lendowskis' claims against Sidello, the company who was responsible for snow removal, are not statutorily barred as Sidello is neither an owner nor an occupier of the property.  *See id.*

¶10     With respect to Sidello, we first examine whether the trial court properly granted summary judgment in regards to the Lendowskis' claim that Sidello violated MILWAUKEE ORDINANCE § 116-8.  Section 116-8 requires in pertinent part that "the owner, occupant or person in charge of any real property abutting or fronting upon a paved public sidewalk … shall remove and clear away all snow and ice on the entire paved surface within [twenty-four] hours after the snow or ice has ceased to fall."

---

[3] We note that the Lendowskis in their reply brief argue that WIS. STAT. § 893.89 does not apply because "the drainage system's improper arrangement is not a structural defect[.]"  This argument, however, is conclusory and undeveloped and as a result, we decline to address it.  *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶11    The Lendowskis' contend that the trial court erred in concluding that no duty existed under the ordinance.  The Lendowskis' concede that it is well-established that a municipality's ordinance requiring the removal of snow or ice from a public sidewalk does not give rise to a private cause of action.  *See, e.g.*, ***Hagerty v. Village of Bruce***, 82 Wis. 2d 208, 214, 262 N.W.2d 102 (1978); ***Walley v. Patake***, 271 Wis. 530, 535, 74 N.W.2d 130 (1956).  The Lendowskis' suggest, however, that these cases are distinguishable because the snow and ice accumulations were created by natural causes, not by artificial accumulations.  We disagree.    Nothing in the statutory language of the ordinance distinguishes between a natural accumulation and an artificial accumulation.  We will not read words into a statute.  *See **Dawson v. Town of Jackson***, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316.  As a result, we conclude that summary judgment was appropriate with respect to the Lendowskis' claim that Sidello violated MILWAUKEE ORDINANCE § 116-8.

¶12    Next, we examine the Lendowskis' claim that Sidello violated Wisconsin's safe place statute, WIS. STAT. § 101.11.  Section 101.11 imposes a heightened duty on employers and owners of places of employment to construct, repair, or maintain buildings safely.  *See **Mair v. Trollhaugen Ski Resort***, 2006 WI 61, ¶19, 291 Wis. 2d 132, 715 N.W.2d 598.  Generally, a public sidewalk is not a place of employment.  *See **Corpron v. Safer Foods, Inc.***, 22 Wis. 2d 478, 481, 126 N.W.2d 14 (1964); ***Buckley v. Park Bldg. Corp.***, 31 Wis. 2d 626, 631-33, 143 N.W.2d 493 (1966).  However, an exception exists if the employer maintains almost exclusive dominion and control over the public sidewalk.  *See **Buckley***, 31 Wis. 2d at 632; ***Schwenn v. Loraine Hotel Co.***, 14 Wis. 2d 601, 606, 111 N.W.2d 495 (1961).

6

¶13    For instance, in *Schwenn*, the plaintiff fell on a driveway in front of a hotel where a cab company maintained a taxi stand. *Id.*, 14 Wis. 2d at 602. The plaintiff sued the hotel and the cab company. *Id.* The parties stipulated that the land on which the driveway was built was owned by the City of Madison and dedicated for street purposes. *Id.* at 604. The evidence, however, showed that the driveway was not used for general public vehicular or pedestrian travel, but "almost exclusively" for the loading and unloading of guests and luggage. *Id.* The evidence further showed that both the hotel and the cab company conducted some business operations in the driveway, employed personnel to work there, and had employees engaged in work there at the time the plaintiff fell. *Id.* at 605-06. The court held that because the hotel and cab company exercised control of the driveway, the driveway amounted to a place of employment for purposes of the safe place statute. *Id.* at 607.

¶14    In contrast, here, the record does not reflect that Sidello exercised almost exclusive dominion or control over the public sidewalk. *See Buckley*, 31 Wis. 2d at 632; *Schwenn*, 14 Wis. 2d at 606. Sidello is neither the owner of the sidewalk nor a business exercising control of the public sidewalk. Sidello was simply a contractor retained to clear snow and ice and as a result, we conclude that summary judgment was appropriate with respect to the Lendowskis' claim that Sidello violated the safe place statute.

¶15    Finally, we examine the Lendowskis' claim that Sidello was negligent for failing to adequately perform snow and ice removal.

¶16    In response, Sidello contends that the trial court correctly determined that Sidello's contract with Tippecanoe for snow removal services did not give rise to a negligence claim by a third party, such as the Lendowskis. We disagree and

conclude that summary judgment was not appropriate on the Lendowskis' negligence claim against Sidello.

¶17    In *Colton v. Foulkes*, 259 Wis. 142, 47 N.W.2d 901 (1951), the court allowed a tort action against defendants who had negligently repaired the plaintiff's porch.  *Id.* at 143, 145.  The defendants contended that the cause of action was a breach of contract, not a tort action.  *Id.* at 145.  The court stated that "[o]rdinarily, a breach of contract is not a tort, but a contract may create the state of things which furnishes the occasion of a tort."  *Id.* at 146.  The court stated that "[a]ccompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done[.]"  *Id.*

¶18    Subsequently, in *Landwehr v. Citizens Trust Company*, 110 Wis. 2d 716, 722-23, 329 N.W.2d 411 (1983), the court examined *Colton* and clarified that "there must be a duty existing independently of the performance of the contract for a cause of action in tort to exist."  The court further observed:

> The principle which seems to have emerged from the decisions in the United States is that there will be liability in tort for misperformance of a contract whenever there would be liability for gratuitous performance without the contract—which is to say, whenever such misperformance involves a foreseeable, unreasonable risk of harm to the interests of the plaintiff.

*Landwehr*, 110 Wis. 2d at 723 (quoting W. Prosser, *Handbook of the Law of Torts*, 617-18 (4th ed. 1971)).  The court then stated that even without the contract, "the plaintiff in *Colton* had a cause of action in tort, since the defendant still had a general common law duty to use reasonable care in repairing the porch." *Landwehr*, 110 Wis. 2d at 723.

¶19 Turning to the facts here, on January 18, 2020, Sidello removed snow from the sidewalk where the accident took place. By removing the snow, Sidello had an independent duty to remove the snow in a non-negligent manner. *See Colton*, 259 Wis. at 146; **Landwehr**, 110 Wis. 2d at 723. Accordingly, we conclude that there is a question of fact as to whether Sidello was negligent and for that reason summary judgment was inappropriate. *See Ceplina v. South Milwaukee Sch. Bd.*, 73 Wis. 2d 338, 342, 243 N.W.2d 183 (1976) ("As a general rule … the existence of negligence is a question of fact which is to be decided by the jury.").[4]

¶20 Therefore, for the reasons stated above, we affirm the trial court's grant of summary judgment in favor of Tippecanoe, Milwaukee Aquatics, and their respective insurers. We also affirm the trial court's grant of summary judgment in favor of Sidello and its insurer in regards to the Lendowskis' claims that Sidello violated MILWAUKEE ORDINANCE § 116-8 and Wisconsin's safe place statute, WIS. STAT. § 101.11. However, we reverse the trial court's grant of summary judgment with respect to the Lendowskis' claim that Sidello was negligent when it performed snow removal on January 18, 2020, and remand for further proceedings.

*By the Court.*—Orders affirmed in part; reversed in part and cause remanded for further proceedings.

---

[4] We note that the Lendowskis also contend that Sidello was negligent for failing to perform any snow or ice removal on January 19, 2020, the day of the accident. However, because Sidello did not take any action on January 19, we conclude that Sidello did not have a duty to remove snow on that date. *See Colton v. Foulkes*, 259 Wis. 142, 146, 47 N.W.2d 901 (1951); **Landwehr v. Citizens Trust Co.**, 110 Wis. 2d 716, 723, 329 N.W.2d 411 (1983).

9

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.